IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-10684
Summary Calendar
_____


UNITED STATES OF AMERICA,

           Plaintiff-Appellee,

                          versus

JAMES BECKWAY,

           Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-239-9-A
_____
February 4, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

     James Beckway appeals from his sentence imposed following a
guilty plea to possession of approximately 102 pounds of marijuana
with intent to distribute.  He argues that the district court erred
in assessing a two-level increase under U.S.S.G. § 2D1.1(b)(1) for
possession of a dangerous weapon because the increase was based on
conduct that was separate, distinct, and unrelated to his offense
of conviction.

_____

     *Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"The district court's decision to apply § 2D1.1(b)(1) is a factual determination reviewable for clear error."[1]  Similarly, we review for clear error a district court's factual determination of a defendant's relevant conduct for sentencing purposes.[2]

Beckway has made an insufficient showing that his November 2000 possession of marijuana, drug paraphernalia, and firearms fell outside the same course of conduct as his offense of conviction, and so we conclude that the district court did not clearly err in considering this to be relevant conduct for sentencing purposes under U.S.S.G. 1B1.3(a)(2).  Further, with regard to U.S.S.G. § 2D1.1(b)(1), "[t]his court has held that this adjustment is not limited to those scenarios in which the defendant possesses a dangerous weapon during the offense of conviction; the adjustment is also to be made when the defendant possesses a dangerous weapon during the course of related relevant conduct."[3]  The district court did not clearly err in applying the sentencing increase based on Beckway's relevant conduct because the government sufficiently demonstrated, by a preponderance of the evidence, that Beckway possessed firearms found in the same location where the marijuana

---

[1]  *United States v. Jacquinot*, 258 F.3d 423, 430 (5th Cir. 2001), *cert. denied*, No. 01-6937, 2002 WL 75742 (U.S. Jan 22, 2002).

[2]  *United States v. Cooper*, 274 F.3d 230, 238 (5th Cir. 2001).

[3]  *United States v. Vital*, 68 F.3d 114, 119 (5th Cir. 1995).

and drug paraphernalia were stored.[4]  Moreover, Beckway has failed to establish that it was clearly improbable that the firearms were connected with the relevant conduct.[5]

AFFIRMED.

---

[4]  *See Cooper*, 274 F.3d at 245.

[5]  *See id.* at 246 n.8; *Jacquinot*, 258 F.3d at 430-31.